IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARIA ELEN BARAJAS, ET AL.,**                                             **PLAINTIFF**

v.                           **CASE NO. 4:24-cv-00318-JM**

**SALINE COUNTY, AR, ET AL.,**                                             **DEFENDANTS**

## MOTION TO DISMISS

COMES NOW Arkansas State Police Defendant Jay McAlister, by and through his attorneys, Attorney General Tim Griffin and Senior Assistant Attorney General Kesia Morrison, and for his motion to dismiss, states as follows:

1. Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against a State Defendant who is entitled to assert the defense of qualified immunity. Qualified immunity "shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009).

2. To survive a motion to dismiss under *Federal Rule of Civil Procedure* 12(b)(6), a complaint must contain "a short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed. R. Civ. P. 8(a)(2) (emphasis added). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016). Courts should consider

whether there are lawful, obvious alternative explanations for the alleged conduct, because where the complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *McDonough v. Anoka County*, 799 F.3d 931, 946 (8th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678, 682).

3. Plaintiff alleges Trooper Jay McAlister deprived decedent Daniel Barajas from access to the courts in violation of the First and Fourteenth Amendments; further, Plaintiff alleges Trooper McAlister engaged in civil conspiracy.

4. Plaintiff has not plausibly alleged sufficient facts to demonstrate that there was a violation of a clearly established constitutional right. As a result, the claims against Trooper McAlister must be dismissed.

5. Plaintiff has not alleged with specificity or particularity that there was a meeting of the minds or otherwise proven her civil conspiracy claim. As a result, that claim against Trooper McAlister must be dismissed.

6. Pursuant to the local rules, a brief in support of this motion is filed contemporaneously with it.

WHEREFORE, Arkansas State Police Defendant Jay McAlister, respectfully request this court grants his motion to dismiss and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General


By:    Kesia Morrison
Ark Bar No. 2015244
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-3997
Fax: (501) 682-2591
Email: kesia.morrison@arkansasag.gov

*Attorneys for State Defendant*