IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARIA ELENA BARAJAS,                                                                                    PLAINTIFF

v.                                       CASE NO. 4:24-CV-318-JM

SALINE COUNTY, ARKANSAS, ET AL.,                                                              DEFENDANTS

### PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS UPON DEFENDANT R. ALLYN WEST

NOW COMES Plaintiff, MARIA ELENA BARAJAS (hereafter "PLAINTIFF"), by and through her attorneys, LAUX LAW GROUP and RANSIN INJURY LAW, and in support of her Motion to Extend Time for Service of Summons Upon Defendant, R. ALLYN WEST, states as follows:

### INTRODUCTION

1. With this motion, PLAINTIFF respectfully requests a sixty (60) day extension of time for service of summons in the instant matter upon Defendant, R. ALLYN WEST (hereafter "WEST"). It is clear at this point that WEST—formerly a trusted deputy coroner for Saline County—is actively dodging service of summons in the current federal lawsuit, one alleging constitutional violations, *inter alia*, which resulted in the death of her son.

### BACKGROUND

2. On April 10, 2024, PLAINTIFF filed her complaint in the above-captioned lawsuit. See Doc. #1. There are sixteen (16) defendants in the case. See Doc. #1 at p. 1. Federal Rule of Civil Procedure 4(m) required that PLAINTIFF serve each of the defendants within ninety (90) days of the filing of her complaint—on or before July 9, 2024. See Fed. R. Civ. P. 4(m).

3. By that date—July 9—PLAINTIFF had successfully personally served summonses upon twelve (12) of the sixteen (16) defendants: SALINE COUNTY, HUNTER THOMPSON,

SULLIVAN SULZBERGER, CHRISTY BIDDLE, KATE HAWTHORN, HARLEY SOWELL, JAKE SCOGGINS, JOEY SHAMLIN, RODNEY WRIGHT, JAY MCALISTER, CHEEMA CARRIERS CORP. and MOHAMMED MERCHANT.

4. On that date, PLAINTIFF served Defendant, TIM BRAGG. See Doc. #13.

5. Also on that date, PLAINTIFF filed a motion to extend time for service of process on the remaining defendants. See Doc. #12. The Court granted PLAINTIFF's motion to extend on July 11, 2024, allowing PLAINTIFF to serve the remaining defendants by September 9, 2024. See Doc. #14.

6. Counsel for CHRIS JARVIS graciously waived service on or about August 1, 2024. PLAINTIFF served CLEGHORN on August 12, 2024. See Doc. #26. CLEGHORN's attorney filed his appearance on August 29, 2024. See Doc. #28.

7. As of the date of the instant filing, only WEST remains.

8. In March 2023, CLEGHORN told the undersigned that WEST had moved to Texas. It is now doubtful that this was an accurate statement. Approximately two weeks ago, a service attempt was made on WEST at his original address in Mabelvale, Arkansas but he apparently determined what was transpiring and vacated his home. See Text Message Screenshots, attached hereto as Exhibit 1.

9. Based on the likelihood that deputy coroner WEST would be represented by the same law firm as coroner CLEGHORN, the undersigned counsel spoke with CLEGHORN's attorney on September 3, 2024, asking him for information on WEST. CLEGHORN's attorney said he would make some calls and get back in touch with the undersigned. The undersigned followed up on September 5 and 6, 2024 but was unable to connect with CLEGHORN's attorney.

10. As recently as today, service attempts have been made on WEST's purported home in Mabelvale, Arkansas. See September 9, 2024 Process Server Email, attached hereto as Exhibit 2. PLAINTIFF's process server also "sat for a while" looking for WEST or a household adult. See Ex. 2. PLAINTIFF's process server took photographs of the home. See Allyn West Residence Photographs, attached hereto as Exhibit 3. However, PLAINTIFF's process server was informed today by the sheriff's department that WEST "[was] out of town." See Ex. 2.

11. Unfortunately, PLAINTIFF's process server is unable to serve WEST—who, again, was a public servant whose salary on the date of loss was paid by Arkansas taxpayers—by the Court's extended deadline of September 9, 2024.

12. The statue of limitations in the instant matter does not expire until January 2025.

**LEGAL STANDARD**

13. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, *the court must extend the time for service for an appropriate period*. See Fed. R. Civ. P. 4(m)(emphasis added).

14. Rule 4(m) gives district courts discretion to grant extensions of time for service of process without showing of good cause but requires them to grant extensions upon showing of good cause. *DiPaulo v. Potter*, 570 F. Supp. 2d 802, 2008 U.S. Dist. LEXIS 57686 (M.D.N.C. 2008).

15. While Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase, generally, it exists where: (1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server; (2) the

defendant has evaded service of the process or engaged in misleading conduct; (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances; or (4) the plaintiff is proceeding *pro se* or *in forma pauperis*. See *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010)(citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)).

16. Good cause generally means "that service has been attempted but not completed" or that plaintiff was prevented from serving defendants by factors beyond his control, *inter alia*. *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998).

## ARGUMENT

17. Where PLAINTIFF generally need only show one of the above circumstances described in *Kurka*, she respectfully submits that she has here shown three. The attached documents reflect that WEST appears to be evading service of process despite actual or constructive notice of being named in a federal lawsuit. The documents show diligence and repeated attempts by professional process servers.

18. PLAINTIFF has been diligent in obtaining service on defendants, as evidenced by the retaining of professional process servers and amassing a 94% success rate. However, despite these repeated, diligent efforts, she has been unable to serve WEST, who is clearly dodging service at this point. PLAINTIFF respectfully submits that she has shown good cause for her request.

19. This motion is brought in good faith and not for the purpose of delaying the trial of this action. In accordance with Eastern District of Arkansas Local Rule 7.2(d), no supportive brief is filed herewith.

## CONCLUSION

20.    In closing, for the reasons submitted above, PLAINTIFF respectfully requests this Honorable Court give her a 60-day extension of time—until November 8, 2024—for service of summons in the instant matter upon WEST.

WHEREFORE, Plaintiff, MARIA ELENA BARAJAS prays this Honorable Court grant her Motion to Extend Time for Service Upon Defendant, R. ALLYN WEST, and whatever other relief the Court determines is appropriate, fair and just.

Respectfully submitted,

Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
         mikelaux@icloud.com

and

David W. Ransin
One of the Attorneys for PLAINTIFF
RANSIN INJURY LAW
4045 East Sunshine, Suite 100
Springfield, MO 68509
Telephone: (417) 881-8282
Facsimile: (417) 881-4217
Email: david@ransin.com