IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARIA ELENA BARAJAS, Personal
Representative of the Estate of
DANIEL ADRIAN BARAJAS, deceased                    PLAINTIFF

VS.                    NO. 4:24-cv-00318-JM

SALINE COUNTY, ARKANSAS,
a body politic,
HUNTER THOMPSON, Individually,
SULLIVAN SULZBERGER, Individually,
CHRISTY BIDDLE, Individually,
KATE HAWTHORN, Individually,
HARLEY SOWELL, Individually,
JAKE SCOGGINS, Individually,
JOEY SHAMLIN, Individually,
RODNEY WRIGHT, Individually,
CHRIS A. JARVIS, Individually,
TIM BRAGG, Individually,
R. ALLYN WEST, Individually,
KEVIN CLEGHORN, Individually,
JAY MCALISTER, Individually,
CHEEMA AND MERCHANT CARRIERS CORP., a Canadian
Corporation, and
MOHAMMED MERCHANT                    DEFENDANTS

## ANSWER WITH AFFIRMATIVE DEFENSES OF SEPARATE DEFENDANTS CHEEMA CARRIERS CORP. AND MOHAMMED MERCHANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Separate defendants Cheema Carriers Corp. ("Cheema") and Mohammed

Merchant ("Merchant"), by and through counsel Wright, Lindsey & Jennings LLP,

submits the following as their answer, with affirmative defenses, to plaintiff's first

amended complaint:

1

1.      Pursuant to Fed. R. Civ. P. 10(c), Cheema and Merchant adopt and incorporates herein their answer to plaintiff's original complaint and all affirmative defenses stated therein.

2.      To the extent alleged in paragraph 1 of plaintiff's first amended complaint, Cheema and Merchant admit that this Court has jurisdiction of over this case and that venue is proper in this Court.  Cheema and Merchant and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 1 of plaintiff's first amended complaint and, therefore, deny these allegations.

3.      Cheema and Merchant admit that venue is proper in this Court to the extent alleged in paragraph 2 of plaintiff's first amended complaint.  Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 2 of plaintiff's first amended complaint and, therefore, deny these allegations.

4.      Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 3 of plaintiff's first amended complaint and, therefore, deny these allegations.

5.      To the extent alleged in paragraph 4 of plaintiff's first amended complaint, Cheema and Merchant admit, based upon information and belief, that decedent Daniel Barajas ("Barajas") died on January 15, 2022, while in the State of Arkansas.  Cheema and Merchant lack sufficient information to form a belief as to

the truth of the remaining allegations in paragraph 4 of plaintiff's first amended complaint and, therefore, deny these allegations.

6.      Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 5 of plaintiff's first amended complaint and, therefore, deny these allegations.

7.      To the extent that any allegations in paragraph 6 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 6 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 6 of plaintiff's first amended complaint and, therefore, deny these allegations.

8.       To the extent that any allegations in paragraph 7 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 7 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 7 of plaintiff's first amended complaint and, therefore, deny these allegations.

9.      To the extent that any allegations in paragraph 8 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 8 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 8 of plaintiff's first amended complaint and, therefore, deny these allegations.

10.     To the extent that any allegations in paragraph 9 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 9 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 9 of plaintiff's first amended complaint and, therefore, deny these allegations.

11.     To the extent that any allegations in paragraph 10 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 10 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the

allegations in paragraph 10 of plaintiff's first amended complaint and, therefore, deny these allegations.

12.    To the extent that any allegations in paragraph 11 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 11 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 11 of plaintiff's first amended complaint and, therefore, deny these allegations.

13.    To the extent that any allegations in paragraph 12 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 12 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 12 of plaintiff's first amended complaint and, therefore, deny these allegations.

14.    To the extent that any allegations in paragraph 13 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 13 of plaintiffs' complaint state or imply liability on the

part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and

Merchant lack sufficient information to form a belief as to the truth of the

allegations in paragraph 13 of plaintiff's first amended complaint and, therefore,

deny these allegations.

15.    To the extent that any allegations in paragraph 14 of plaintiff's first

amended complaint are directed to an entity or person other than Cheema and

Merchant, no response from Cheema and Merchant is required.  To the extent the

allegations in paragraph 14 of plaintiffs' complaint state or imply liability on the

part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and

Merchant lack sufficient information to form a belief as to the truth of the

allegations in paragraph 14 of plaintiff's first amended complaint and, therefore,

deny these allegations.

16.    To the extent that any allegations in paragraph 15 of plaintiff's first

amended complaint are directed to an entity or person other than Cheema and

Merchant, no response from Cheema and Merchant is required.  To the extent the

allegations in paragraph 15 of plaintiffs' complaint state or imply liability on the

part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and

Merchant lack sufficient information to form a belief as to the truth of the

allegations in paragraph 15 of plaintiff's first amended complaint and, therefore,

deny these allegations.

17.    To the extent that any allegations in paragraph 16 of plaintiff's first

amended complaint are directed to an entity or person other than Cheema and

3130028-v1

Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraph 16 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 16 of plaintiff's first amended complaint and, therefore, deny these allegations.

18.     To the extent that any allegations in paragraph 17 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraph 17 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's first amended complaint and, therefore, deny these allegations.

19.     To the extent alleged in paragraph 18 of plaintiff's first amended complaint, Cheema and Merchant admit that this Court has personal jurisdiction over both. Cheema and Merchant deny the remaining allegations in paragraph 18 of plaintiff's first amended complaint.

20.     To the extent alleged in paragraph 19 of plaintiff's first amended complaint, Cheema and Merchant admit that this Court has personal jurisdiction over both. Cheema and Merchant deny the remaining allegations in paragraph 19 of plaintiff's first amended complaint.

21.     To the extent alleged in paragraph 20 of plaintiff's first amended complaint, Cheema and Merchant admit that this Court has personal jurisdiction over both.  Cheema and Merchant deny the remaining allegations in paragraph 20 of plaintiff's first amended complaint.

22.     To the extent alleged in paragraph 21 of plaintiff's first amended complaint, Cheema and Merchant admit that this Court has personal jurisdiction over both.  Cheema and Merchant deny the remaining allegations in paragraph 21 of plaintiff's first amended complaint.

23.     To the extent alleged in paragraph 22 of plaintiff's first amended complaint, Cheema and Merchant admit that this Court has personal jurisdiction over both.  Cheema and Merchant deny the remaining allegations in paragraph 22 of plaintiff's first amended complaint and specifically deny any allegation that either was negligent.

24.     Cheema denies the allegations in paragraph 23 of plaintiffs' first amended complaint.

25.     To the extent that any allegations in paragraph 24 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 24 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the

8

allegations in paragraph 24 of plaintiff's first amended complaint and, therefore, deny these allegations.

26.     To the extent alleged in paragraph 25 of plaintiff's first amended complaint, Cheema and Merchant admit that the area of the accident at issue in plaintiff's first amended complaint was dark, that there was no external lighting erected along this section of I 30, and that it was raining.  Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 25 of plaintiff's first amended complaint and, therefore, deny these allegations.

27.     To the extent alleged in paragraph 26 of plaintiff's first amended complaint, Cheema and Merchant admit that Barajas walked into the travel lanes of I 30 in front of the vehicle Regis Crenshaw ("Crenshaw") was operating, that Barajas was struck by the vehicle Crenshaw was operating, and that, as a result of the impact with the vehicle Crenshaw was operating, Barajas' body was propelled into the inside or second lane of I 30.  Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 26 of plaintiff's first amended complaint and, therefore, deny these allegations.

28.     To the extent alleged in paragraph 27 of plaintiff's first amended complaint, Cheema and Merchant deny that there was any movement by Barajas' body after it came to rest in the inside or second lane of I 30 following its impact with the vehicle Crenshaw was operating.  Cheema and Merchant lack sufficient

9

information to form a belief as to the truth of the remaining allegations in paragraph 27 of plaintiff's first amended complaint and, therefore, deny these allegations.

29.     To the extent alleged in paragraph 28 of plaintiff's first amended complaint, Cheema and Merchant deny that Barajas was killed by any contact with the vehicle Merchant was operating.  Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 28 of plaintiff's first amended complaint and, therefore, deny these allegations.

30.     To the extent alleged in paragraph 29 of plaintiff's first amended complaint, based solely on information provided in the Arkansas State Police report for the accident at issue in plaintiff's first amended complaint, Cheema and Merchant admit that the person who walked in front of, and was struck by, the vehicle operated by Crenshaw, and who,  as a result of the impact with the vehicle operated by Crenshaw, was thrown into the second or inside lane of I 30, was Barajas.  Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 29 of plaintiff's first amended complaint and, therefore, deny these allegations.

31.     Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraphs 30-41 of plaintiff's first amended complaint and, therefore, deny these allegations.

32.     To the extent alleged in paragraph 42 of plaintiff's first amended complaint, Cheema and Merchant, based solely on information provided in the Arkansas State Police report for the accident at issue in plaintiff's first amended complaint, admit that Barajas died on January 15, 2022.  Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 42 of plaintiff's first amended complaint and, therefore, deny these allegations.

33.     Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraphs 43-116 of plaintiff's first amended complaint and, therefore, deny these allegations.

34.     To the extent that any allegations in paragraph 117 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraph 117 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied.  Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 117 of plaintiff's first amended complaint and, therefore, deny these allegations.

35.     In response to paragraph 118 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-34 above.

36.     To the extent that any allegations in paragraphs 119-122 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and

Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraphs 119-122 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 119-122 of plaintiff's first amended complaint and, therefore, deny these allegations.

37.    In response to paragraph 123 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-36 above.

38.    To the extent that any allegations in paragraphs 124-136 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraphs 124-136 of plaintiffs' complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 124-136 of plaintiff's first amended complaint and, therefore, deny these allegations.

39.    In response to paragraph 137 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-38 above.

40.    To the extent that any allegations in paragraphs 138-149 of plaintiff's first amended complaint, including any sub-parts thereto, are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraphs 138-149 of

plaintiff's first amended complaint, including any sub-parts thereto, state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 138-149 of plaintiff's first amended complaint, including any sub-parts thereto, and, therefore, deny these allegations.

41.     In response to paragraph 150 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-40 above.

42.     To the extent that any allegations in paragraphs 151-156 of plaintiff's first amended complaint, including any sub-parts thereto, are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required.  To the extent the allegations in paragraphs 151-156 of plaintiff's first amended complaint, including any sub-parts thereto, state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 151-156 of plaintiff's first amended complaint, including any sub-parts thereto, and, therefore, deny these allegations.

43.     In response to paragraph 157 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-42 above.

44.     To the extent that any allegations in paragraphs 158-165 of plaintiff's first amended complaint, including any sub-parts thereto, are directed to an entity

or person other than Cheema and Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraphs 158-165 of plaintiff's first amended complaint, including any sub-parts thereto, state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the allegations in paragraphs 158-165 of plaintiff's first amended complaint, including any sub-parts thereto, and, therefore, deny these allegations.

45. In response to paragraph 166 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-44 above.

46. To the extent that any allegations in paragraphs 167-177 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraphs 167-177 of plaintiff's first amended complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 167-177 of plaintiff's first amended complaint and, therefore, deny these allegations.

47. In response to paragraph 178 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-46 above.

48. To the extent alleged in paragraph 179 of plaintiff's first amended complaint, Cheema and Merchant admit that Merchant was acting in the course and scope of his agency with Cheema at the time of the accident at issue in

14

plaintiff's first amended complaint, and that he was operating his tractor and the attached trailer consistent with the authority granted to Cheema by the Federal Motor Carrier Safety Administration at the time of the accident at issue in plaintiff's first amended complaint. Cheema and Merchant deny the remaining allegations in paragraph 179 of plaintiff's first amended complaint.

49.     To the extent that any allegations in paragraph 180 of plaintiff's first amended complaint are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. To the extent the allegations in paragraph 180 of plaintiff's first amended complaint state or imply liability on the part of Cheema or Merchant, such allegations are denied. Otherwise, Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 180 of plaintiff's first amended complaint and, therefore, deny these allegations.

50.     To the extent that any allegations in paragraphs 181-183 of plaintiff's first amended complaint, inclusive of all sub-parts, are directed to, or state or imply liability on the part of Cheema or Merchant, such allegations are denied. To the extent that any allegations in paragraphs 181-183 of plaintiff's first amended complaint, inclusive of all sub-parts, are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 181-183 of plaintiff's first amended complaint, inclusive of all sub-parts, and, therefore, deny these allegations.

51.     In response to paragraph 184 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-50 above.

52.     To the extent that any allegations in paragraphs 185-190 of plaintiff's first amended complaint, inclusive of all sub-parts, are directed to, state or imply liability on the part of Cheema or Merchant, such allegations are denied.  To the extent that any allegations in paragraphs 185-190 of plaintiff's first amended complaint, inclusive of all sub-parts, are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 185-190 of plaintiff's first amended complaint, inclusive of all sub-parts, and, therefore, deny these allegations.

53.     In response to paragraph 191 of plaintiff's first amended complaint, Cheema and Merchants adopt and incorporate herein paragraphs 1-52 above.

54.     To the extent that any allegations in paragraphs 192-194 of plaintiff's first amended complaint, inclusive of all sub-parts, are directed to, state or imply liability on the part of Cheema or Merchant, such allegations are denied.  To the extent that any allegations in paragraphs 192-194 of plaintiff's first amended complaint, inclusive of all sub-parts, are directed to an entity or person other than Cheema and Merchant, no response from Cheema and Merchant is required. Cheema and Merchant lack sufficient information to form a belief as to the truth of the remaining allegations in paragraphs 192-194 of plaintiff's first amended complaint, inclusive of all sub-parts, and, therefore, deny these allegations.

16

55.     Cheema and Merchant denies plaintiff's alleged entitlement to damages as set forth in the prayer of plaintiff's first amended complaint, said paragraph beginning with the word "WHEREFORE" and inclusive of sub-parts (1)-(5).

56.     Cheema and Merchant deny all material allegations in the plaintiff's first amended complaint not specifically admitted in this answer.

57.     To the extent any allegation in plaintiff's first amended complaint is directed to an entity other than Cheema and Merchant, no response from Cheema and Merchant is required.

58.     To the extent any allegation in plaintiff's first amended complaint states or implies that Cheema and Merchant are responsible or liable for any injury or damages claimed by plaintiff, including but not limited to, the death of Barajas, such allegation is denied.

59.     To the extent that any allegation in plaintiff's first amended complaint states or implies a duty on the part of Cheema and Merchant, such allegation is an issue to be addressed solely by the Court.

60.     To the extent that any allegation in plaintiff's first amended complaint alleges a duty on the part of Cheema and Merchant, it is denied.

61.     To the extent that any allegation in plaintiff's first amended complaint alleges that Cheema and Merchant breached a duty, it is denied.

62.     Cheema and Merchant affirmatively plead all defenses available pursuant to Fed. R. Civ. P. 8(c).

17

63.     Cheema and Merchant affirmatively plead all defenses available, all limitations of damages and recovery, and all procedural requirements set forth in the Arkansas Civil Justice Reform Act of 2003, as amended (Ark. Code Ann. § 16-55-201, *et seq.*) to the extent applicable.

64.     Cheema and Merchant state affirmatively that any injuries or damages sustained by plaintiff, including the death of Barajas, proximately resulted from her own fault or the fault of Barajas.

65.     Cheema and Merchant state affirmatively that any injuries or damages sustained by plaintiff, including the death of Barajas, proximately resulted from the fault of others for whom Cheema and Merchant have no responsibility or legal liability and move for the apportionment of fault pursuant to Ark. Code Ann. § 16-64-122.

66.     Cheema and Merchant state affirmatively that plaintiff's first amended complaint fails to state claims upon which relief can be granted and is, therefore, subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

67.     Cheema and Merchant affirmatively plead that the imposition of punitive or exemplary damages against it would violate its constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United State, the excessive fines clause in the Eighth Amendment to the Constitution of the United State, the double jeopardy clause in the Fifth Amendment to the Constitution of the United State, similar provisions in the Arkansas constitution and/or the common law and public policies in Arkansas,

and/or applicable statutes and court rules, in the circumstances of this litigation, including but not limited to, the following reasons:

     a.    imposition of such punitive or exemplary damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such punitive or exemplary damages award, (2) is not adequately and clearly instructed on the limits on punitive or exemplary damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive or exemplary damages or determining the amount thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive or exemplary damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive and exemplary damages permissible, and (5) is not subject to trial court appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

     b.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

     c.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

    d.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive and exemplary damages issues only if and after the liability of Cheema and Merchant has been found on the merits;

    e.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, under state law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

    f.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof may subject Cheema and Merchant to impermissible multiple punishment for the same alleged wrong.

68.    Cheema and Merchant request that the trial of this matter be bifurcated as to the issues of compensatory and punitive damages pursuant to the Civil Justice Reform Act of 2003, Ark. Code Ann. §§ 16-55-201 *et seq.*

69.    Cheema and Merchant hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery herein and, thus, reserve the right to amend this answer to assert any such defenses prior to trial.

70.    Cheema and Merchant reserve the right to file an amended answer, counter-claim or third-party complaint.

71.    Cheema and Merchant demand a trial by jury.

WHEREFORE, separate defendants Cheema Carrier Corp. and Mohammed Merchant pray that plaintiff's first amended complaint will be dismissed and that they it will be awarded all just and proper relief, including costs and attorney's fees.

Kyle R. Wilson (89118)
Zachary R. Trail (2018171)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: kwilson@wlj.com

*Attorneys for separate defendants Cheema Carrier Corp. and Mohammed Merchant*