IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARIA ELENA BARAJAS, Personal
Representative of the Estate of
DANIEL ADRIAN BARAJAS, deceased,                                                    PLAINTIFF

vs.                                   NO. 4:24-cv-00318-JM

SALINE COUNTY, ARKANSAS,
a body politic,
HUNTER THOMPSON, Individually,
SULLIVAN SULZBERGER, Individually,
CHRISTY BIDDLE, Individually,
KATE HAWTHORN, Individually,
HARLEY SOWELL, Individually,
JAKE SCOGGINS, Individually,
JOEY SHAMLIN, Individually,
RODNEY WRIGHT, Individually,
CHRIS A. JARVIS, Individually,
TIM BRAGG, Individually,
R. ALLY WEST, Individually,
KEVIN CLEGHORN, Individually,
JAY MCALISTER, Individually,
CHEEMA CARRIERS CORP., a Candian
Corporation, and
MOHAMMED MERCHANT,                                                                  DEFENDANTS

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Come now the Separate Saline County Defendants, Hunter Thompson, Sullivan Sulzberger, Kate Hawthorn, Harley Sowell, Jake Scoggins, Joey Shamlin, Christy Biddle, Kevin Cleghorn, Richard Allyn West and Rodney Wright, in their individual capacities, and Saline County, Arkansas, (referred to collectively herein as the "Separate County Defendants"), and for their Answer to Plaintiff's First Amended Complaint, do state the following:

1.     The Separate County Defendants affirmatively plead that the constitution and laws of the State of Arkansas and of the United States and the official and authentic records of all relevant courts (including, but not limited to this Court and any relevant probate courts) speak for themselves, but deny, as pleaded, the remainder of the allegations, and any contrary allegations, in paragraphs 1, 2, and 3 (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint.

2. The Separate County Defendants affirmatively plead that the constitution and laws of the State of Arkansas and of the United States, any authentic and unedited video of the referenced events, and the allegations in the Plaintiff's First Amended Complaint speak for themselves (the Separate County Defendants deny the allegations in the Plaintiff's First Amended Complaint, as set forth herein) and admit that the Plaintiff's decedent, Daniel Barajas, walked into eastbound lanes of I-30 in Saline County Arkansas in the early morning hours of January 15, 2022 and that he was struck by several vehicles and killed, but are otherwise without sufficient knowledge or information to admit or deny the allegations in paragraphs 4, 5, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 91, 92, 93, and 94 (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint and, therefore, deny, the allegations in paragraphs 4, 5, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 91, 92, 93, and 94 (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint.

3. The Separate County Defendants affirmatively plead that the constitution and laws of the State of Arkansas and of the United States speak for themselves, that Saline County is a political subdivision of the State of Arkansas, that Rodney Wright is (and was, in January, 2022) the Saline County Sheriff, that Hunter Thompson, Sullivan Sulzberger, Christy Biddle, Kate Hawthorn, Harley Sowell, Jake Scoggins, and Joey Shamlin are and/or were (in January, 2022) employees of Saline County in the Sheriff's department (an administrative department of county government), but deny, as pleaded, the remainder of the allegations, and any contrary allegations, in paragraphs 6, 7, 8, 9, and 10 (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint.

4. The Separate County Defendants affirmatively plead that the constitution and laws of the State of Arkansas and of the United States, the official and authentic records of Saline County, its Sheriff's and Coroner's offices (including, but not limited to the referenced reports), the Arkansas State Police, the Turtle Creek fire department, and the responding EMT crew, and any authentic and

unedited video of any relevant events speak for themselves (each defendant has personal knowledge only as to his/her individual report and, thus, cannot has insufficient knowledge or information to admit or deny any non-duplicative content in reports authored by others and, therefore, must deny the same), but deny, as pleaded, the remainder of the allegations, and any contrary allegations, in paragraphs 12, 13, 14, 15, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128,129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 172, 173, 174, 175, 176, 177, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, and 194 (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint.

5. The allegations in paragraphs 11, 16, 17, 18, 19, 20, 21, 22, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 178, 179, 180, 181, 182, and 183 (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and/or all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint do not appear to be directed toward the Separate County Defendants and, therefore, require no response from these Defendants; to the extent that any or all of the allegations in paragraphs 11, 16, 17, 18, 19, 20, 21, 22, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171 178, 179, 180, 181, 182, and/or 183 (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and/or all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint are directed toward the Separate County Defendants or otherwise require a response from these Defendants, such allegations are, as pleaded, denied.

6. The Separate Saline County Defendants respectfully demand a trial by jury on all genuine issues of material fact.

7. The Separate Saline County Defendants deny, as pleaded, the allegations in the unnumbered "Wherefore clause" (including all sub-paragraphs, subclauses, imbedded photographs, charts, and other materials, and/or all other subparts of the listed paragraphs) of the Plaintiff's First Amended Complaint.

8. The Separate Saline County Defendants specifically and expressly deny each and every allegation of Plaintiff's First Amended Complaint not specifically and expressly admitted herein.

9. The Separate Saline County Defendants assert and reserve the right to file an Amended Answer or other responsive pleading(s) and/or to assert additional affirmative and other defenses after she has had a chance to investigate the claims and allegations in Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

10. The Separate Saline County Defendants assert the following affirmative defenses:

    A. Punitive damages immunity, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981);

    B. Qualified immunity is affirmatively pleaded by all Defendants under state and federal law;

    C. Tort inapplicability and immunity, statutory tort immunity, and state statutory "immunity from suit for damages," all of which bar negligence and all other tort claims, including, but not limited to wrongful death and survior actions *see* Ark. Code Ann. §21-9-301;

    D. The Separate County Defendants have no applicable liability insurance, *see* Ark. Code Ann. §21-9-301;

    E. All applicable immunities, including but not limited those otherwise pleaded herein, in addition to sovereign immunity and the immunity afforded by the acquired immunity doctrine;

    F. Vicarious liability is inapplicable to the Separate County Defendants, who

        also affirmatively plead statutory vicarious liability/respondeat superior immunity, *see* Ark. Code Ann. §21-9-301(b);

G. The Separate County Defendants are not proper parties to a tort action in any event, *see* Ark. Code Ann. § 23-79-210;

H. Justification;

I. Mootness, as applicable;

J. Waiver/Estoppel/Laches, as applicable;

K. Common Defense Doctrine;

L. No standing, as applicable,

M. Comparative fault and contributory negligence by the decedent, as applicable;

N. No proof of causation by any acts or omission of the Separate County Defendants;

O. Assumption of Risk and unclean hands by the decedent, as applicable;

P. Intervening and superseding cause(s);

Q. No constitutional right to be arrested;

R. Failure to serve and/or defect(s) in service, as applicable;

S. Comparative fault and contributory negligence;

T. The Defendants avail themselves of all applicable defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure;

U. The Plaintiff has failed to state a claim upon which relief can be granted;

V. The Defendants avail themselves of all statute of limitations defenses applicable to this claim, including, but not limited to Ark. Code Ann. 16-56-101, *et seq.*;

W. The Defendants reserve and preserve the right to assert any available counterclaims and/or third-party claims under Fed. R. Civ. Proc. 13 & 14;

X. While denying that any of the Defendants are guilty of, and/or liable for, any negligence or other wrong which caused or contributed to cause injuries to the

|   |   |
|---|---|
|   | plaintiff, the Defendants pray for an apportionment of fault, including, but not limited to apportionment among joint tortfeasors who are found to be negligent pursuant to the Uniform Contribution Among Joint Tortfeasors Act, as enacted in the State of Arkansas. A.C.A. § 16-61-201 et seq.; |
| Y. | While denying the Defendants are responsible for any damages, Defendants state that plaintiff suffered from conditions which predated any events alleged in the First Amended Complaint for which this defendant is not responsible; |
| Z. | The Defendants affirmatively plead all relevant and/or governing case, constitutional, and/or statutory law; |
| AA. | The Defendants affirmatively plead and assert that any claim for punitive damages is pre-empted by the federal statutory and regulatory scheme; |
| BB. | The Separate County Defendant affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained and must be dismissed because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity, because such an award would violate the defendants' due process and equal protection rights, amongh other problems; |
| CC. | The Defendants pleads all affirmative defenses allowed by law pursuant to Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to, insufficient process; insufficient service of process; and failure to state a claim upon which relief can be granted; and |
| DD. | The Plaintiff and any heirs of the Plaintiff are barred from "shoehorning" any alleged damages to the heirs into a 42 U.S.C. §1983 action. |

WHEREFORE, the Separate County Defendants respectfully request that Plaintiff's First Amended Complaint be dismissed and for any and all other just and proper relief to which they are entitled.

Respectfully submitted,

SALINE COUNTY, ARKANSAS,
a body politic,
HUNTER THOMPSON, Individually,
SULLIVAN SULZBERGER, Individually,
KATE HAWTHORN, Individually,
HARLEY SOWELL, Individually,
JAKE SCOGGINS, Individually,
JOEY SHAMLIN, Individually,
CHRISTY BIDDLE, Individually,
KEVIN CLEGHORN, Individually,
RICHARD ALLYN WEST, Individually,
RODNEY WRIGHT, Individually,
*Separate County Defendants*


Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1312 W. Oak Street
Conway, Arkansas 72034
Telephone: (501) 764-4334
Telefax: (501) 764-9173
Email: owens@jowenslawfirm.com