IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARIA BARAJAS                                                                                  PLAINTIFF

v.                                         CASE NO. 4:24-CV-318-JM

SALINE COUNTY, ET AL.                                                  DEFENDANTS

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Arkansas State Police Defendant Jay McAlister ("State Defendant" or "Trooper McAlister"), by and through his attorneys, Attorney General Tim Griffin and Senior Assistant Attorney General Ryan Hale, and for his answer to Plaintiff's First Amended complaint (ECF No. 40), states:

1. State Defendant admits that this action was filed under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983. State Defendant denies the remaining allegations in paragraph 1 of Plaintiff's First Amended Complaint ("FAC").

2. State Defendant admits the allegation in paragraph 2 of the FAC that jurisdiction in this action arises under 28 U.S.C. § 1391.

3. State Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the FAC. The allegations in the foregoing paragraphs are therefore denied.

4. State Defendant admits that he was employed by the Arkansas State Police on January 15, 2022, as alleged in paragraph 16 of the FAC. State Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 of the FAC. The remaining allegations in the foregoing paragraph are therefore denied.

5. State Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, and 117 of the FAC. The allegations in the foregoing paragraphs are therefore denied.

6. The allegations in paragraphs 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, and 156 of the FAC consist of legal conclusions to which no response is required. To the extent that any response any is required, State Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraphs. The allegations in the foregoing paragraphs are therefore denied.

7. The allegations in paragraphs 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, and 177 of the FAC consist of legal conclusions to which no response is required. To the extent that any response is required, the allegations in the foregoing paragraphs are denied.

8. The allegations in paragraphs 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, and 194 of the FAC consist of legal conclusions to which no response is required. To the extent that any response is required, State Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraphs. The allegations in the foregoing paragraphs are therefore denied.

9.     Defendant denies that Plaintiff is entitled to recover from State Defendant any of the relief requested in the "Wherefore" paragraph on page 44 of the FAC.

**AFFIRMATIVE DEFENSES**

10.    Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against a State Defendant who is entitled to assert the defense of qualified immunity. Qualified immunity "shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009).

11.    To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a)(2) (emphasis added). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016). Courts should consider whether there are lawful, obvious alternative explanations for the alleged conduct, because where the complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *McDonough v. Anoka County*, 799 F.3d 931, 946 (8th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678, 682).

12.     Plaintiff alleges that Trooper Jay McAlister deprived decedent Daniel Barajas from access to the courts in violation of the First and Fourteenth Amendments; further, Plaintiff alleges Trooper McAlister engaged in civil conspiracy.

13.     Plaintiff has not plausibly alleged sufficient facts to demonstrate that there was a violation of a clearly established constitutional right. As a result, the claims against Trooper McAlister must be dismissed.

14.     Plaintiff has not alleged with specificity or particularity that there was a meeting of the minds or otherwise proven her civil conspiracy claim. As a result, that claim against Trooper McAlister must be dismissed.

15.     All other claims against Trooper McAlister are likewise lacking specificity and particularity and are barred by qualified immunity. As a result, all other claims against Trooper McAlister must be dismissed.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Jay McAlister hereby gives notice of his jury demand.

WHEREFORE, Defendant respectfully requests that this Court dismiss the claims against him in this lawsuit and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General


By: /s/ Ryan Hale
Ryan Hale
Ark Bar No. 2024310
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 295-7419
Fax: (501) 682-2591
Email: ryan.hale@arkansasag.gov

*Attorneys for Defendant Jay McAlister*

5