IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARIA ELENA BARAJAS,                                                                    PLAINTIFF

v.                                     CASE NO. 4:24-CV-318-JM

SALINE COUNTY, ARKANSAS, ET AL.,                                                 DEFENDANTS

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a), *INSTANTER*

NOW COMES Plaintiff, MARIA ELENA BARAJAS, Personal Representative of the Estate of DANIEL ADRIAN BARAJAS, deceased ("Plaintiff"), and respectfully moves this Honorable Court for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), *Instanter*, stating as follows:

INTRODUCTION

1. On January 15, 2022, Daniel Barajas was killed on Interstate 30 in Saline County, Arkansas, shortly after an extended encounter with Saline County Sheriff's Office (SCSO) deputies. While it is unclear how Mr. Barajas wound up on Interstate 30, the evidence to date suggests he was killed when he was struck by a vehicle on the highway.

2. On April 10, 2024, Plaintiff filed her complaint in the above-captioned lawsuit on behalf Mr. Barajas, her son, under 42 U.S.C. § 1983, alleging constitutional violations committed by several SCSO deputies. See Doc. #1. She also named as defendants in her complaint trucking company, CHEEMA CARRIERS INC. ("Cheema"), and the driver of the Cheema truck that struck Mr. Barajas, MOHAMMED MERCHANT, alleging negligence and *respondeat superior* liability. See Doc. #1 at ¶¶ 167-171.

3. On November 20, 2024, after obtaining leave from the Court, Plaintiff filed her First Amended Complaint, adding a state trooper as defendant, as well as John Does 1-5. See

Doc. #40 at ¶¶ 16-17; 24.  As pled, Plaintiff's references to John Does 1-5 contemplate the eventual identification of additional potentially culpable parties who may have owned and/or operated a semi tractor trailer which struck Mr. Barajas, proximately causing his death.  See Doc. #40 at ¶¶ 24; 178-183.

4. Important evidence has been disclosed in this litigation which supports the position that previously identified actors—GTX TRUCKING, INC. and CHAO ZHANG—may indeed be potentially culpable for Mr. Barajas' death. GTX TRUCKING, INC. has been aware of the potential for litigation since September 2022.

5. The statute of limitations for Plaintiff's case likely expires on January 15, 2025. The Court's current Final Scheduling Order allows parties until February 10, 2025 to seek leave to amend pleadings and add parties.  See Doc. #33 at p. 1.

6. With this motion, Plaintiff respectfully requests that his Honorable Court give her leave to file a Second Amended Complaint which will name GTX TRUCKING, INC. and CHAO ZHANG as party defendants.  A copy of Plaintiff's proposed amended complaint[1] is attached hereto as Exhibit 1.  Because of the statute of limitations, Plaintiff respectfully seeks leave on or before January 15, 2025.

PLAINTIFF PRAYS THE COURT GRANT HER MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT

7. The Federal Rules of Civil Procedure "liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). Rule 15(a)(2) directs courts to "freely give leave when justice so requires." The Eighth Circuit has instructed that a

---

[1] Plaintiff has drafted the proposed second amended complaint so that the 194 paragraphs from the first amended complaint are numerically unchanged so that current defendants will not have to re-answer any paragraphs. The proposed amended complaint also clarifies that Cheema is included in Plaintiff's wrongful death statute count.  See Doc. #40 at ¶¶ 184-194.

district court may refuse to allow an amended pleading "only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Id.* at 525 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he party opposing the motion must show it will be unfairly prejudiced." *Id.* (internal citations omitted).

8. Plaintiff's request to amend her complaint and to add a party is timely and consistent with the Court's scheduling order. See Doc. #33. Plaintiff therefore submits there is no possibility of unfair prejudice. Based on the evidence disclosed in discovery, there is no risk of futility of amendment.

9. On January 13, 2025, Plaintiff contacted opposing counsel to learn if there would be any opposition to the instant motion and, as of the time of this filing, all counsel who responded do not oppose. Plaintiff has not yet heard from counsel for the Saline County defendants.

10. Therefore, with this motion, Plaintiff requests that this Honorable Court grant leave to file her Second Amended Complaint. In accordance with Eastern District of Arkansas Local Rule 7.2(d)(1) and (2), a supportive brief is not filed herewith. The instant motion is not brought for any undue purpose.

CONCLUSION

11. Plaintiff's proposed Second Amended Complaint is timely and well-pled. See Ex. 1. Moreover, it names in good faith a potentially culpable party which has been aware of the possibility of litigation for a significant period of time. Therefore, Plaintiff respectfully requests

that this Honorable Court grant her motion for leave to file the attached proposed amended pleading.

WHEREFORE, Plaintiff, MARIA ELENA BARAJAS, Personal Representative of the Estate of DANIEL ADRIAN BARAJAS, deceased, and prays this Honorable Court grant her Motion for Leave to File her Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), *Instanter*, and whatever other relief it deems appropriate.

Respectfully submitted,

<u>Michael J. Laux</u>
Michael J. Laux
Eastern Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
E-mail: mlaux@lauxlawgroup.com
          mikelaux@icloud.com

and

David W. Ransin
One of the Attorneys for PLAINTIFF
RANSIN INJURY LAW
4045 East Sunshine, Suite 100
Springfield, MO 68509
Telephone: (417) 881-8282
Facsimile: (417) 881-4217
Email: david@ransin.com