# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MARIA BARAJAS**                                                                      **PLAINTIFF**

**v.**                        **CASE NO. 4:24-CV-318-JM**

**SALINE COUNTY, ET AL.**                                           **DEFENDANTS**

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Arkansas State Police Defendant Sergeant Dakotah Bailey ("State Defendant" or "Sgt Bailey"), by and through his attorneys, Attorney General Tim Griffin and Assistant Attorney General Laura Purvis, and for his answer to Plaintiff's First Amended complaint (ECF No. 40), states:

1. State Defendant admits that this action was filed under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983. State Defendant denies the remaining allegations in paragraph 1 of Plaintiff's First Amended Complaint ("FAC").

2. State Defendant admits the allegation in paragraph 2 of the FAC that jurisdiction in this action arises under 28 U.S.C. § 1391.

3. State Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 of the FAC. The allegations in the foregoing paragraphs are therefore denied.

4. State Defendant admits that he was employed by the Arkansas State Police on January 15, 2022, as alleged in paragraph 17 of the FAC. State Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 of the FAC. The remaining allegations in the foregoing paragraph are therefore denied.

5.     State Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, and 117 of the FAC. The allegations in the foregoing paragraphs are therefore denied.

6.     The allegations in paragraphs 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, and 156 of the FAC pertain to other Defendants and consist of legal conclusions to which no response is required. To the extent that any response is required, State Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraphs. The allegations in the foregoing paragraphs are therefore denied.

7.     The allegations in paragraphs 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, and 177 of the FAC consist of legal conclusions to which no response is required. To the extent that any response is required, the allegations in the foregoing paragraphs are denied.

8.     The allegations in paragraphs 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, and 194 of the FAC pertain to other Defendants and consist of legal conclusions to which no response is required. To the extent that any response is required, State Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in the foregoing paragraphs. The allegations in the foregoing paragraphs are therefore denied.

9. Defendant denies that Plaintiff is entitled to recover from State Defendant any of the relief requested in the "WHEREFORE" paragraph on page 44 of the FAC.

## AFFIRMATIVE DEFENSES

10. Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against a State Defendant who is entitled to assert the defense of qualified immunity. Qualified immunity "shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009).

11. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a)(2) (emphasis added). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016). Courts should consider whether there are lawful, obvious alternative explanations for the alleged conduct, because where the complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *McDonough v. Anoka County*, 799 F.3d 931, 946 (8th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678, 682).

12. Plaintiff alleges that Sgt Bailey deprived Decedent Daniel Barajas from access to the courts in violation of the First and Fourteenth Amendments; further, Plaintiff alleges Sgt Bailey engaged in civil conspiracy.

13. Plaintiff has not plausibly alleged sufficient facts to demonstrate that there was a violation of a clearly established constitutional right. As a result, the claims against Sgt Bailey must be dismissed.

14. Plaintiff has not alleged with specificity or particularity that there was a meeting of the minds or otherwise proven her civil conspiracy claim. As a result, that claim against Sgt Bailey must be dismissed.

15. All other claims against Sgt Bailey are likewise lacking specificity and particularity and are barred by qualified immunity. As a result, all other claims against Sgt Bailey must be dismissed.

16. Affirmatively pleading, to the extent any of the following affirmative defenses apply, Sgt Bailey asserts all applicable doctrines of immunity, including Eleventh Amendment immunity, sovereign immunity, qualified immunity, statutory immunity, and all other doctrines of immunity that apply.

17. Affirmatively pleading, to the extent Plaintiff has sustained damages, such damages are a direct and proximate result of the Decedent's own conduct.

18. Affirmatively pleading, Plaintiff's claims are moot.

19. State Defendant reserves the right to add defenses based on the course of the proceedings in this matter.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, State Defendant Dakotah Bailey hereby gives notice of his jury demand.

WHEREFORE, State Defendant respectfully requests that this Court dismiss the claims against him in this lawsuit, and he further requests all other just and proper relief to which he may be entitled.

                                      Respectfully submitted,

                                      TIM GRIFFIN
                                      Attorney General

By:    Laura Purvis | Ark. Bar No. 2023239
          Assistant Attorney General
          Arkansas Attorney General's Office
          323 Center Street, Suite 200
          Little Rock, AR 72201
          Phone:  (501) 320-3085
          Fax:     (501) 682-2591
          Email:  laura.purvis@arkansasag.gov

*Attorneys for Dakotah Bailey*