IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARIA ELENA BARAJAS, Personal
Representative of the Estate of
DANIEL ADRIAN BARAJAS, deceased                                    PLAINTIFF

VS.                            NO. 4:24-cv-00318-JM

SALINE COUNTY, ARKANSAS,
a body politic,
HUNTER THOMPSON, Individually,
SULLIVAN SULZBERGER, Individually,
CHRISTY BIDDLE, Individually,
KATE HAWTHORN, Individually,
HARLEY SOWELL, Individually,
JAKE SCOGGINS, Individually,
JOEY SHAMLIN, Individually,
RODNEY WRIGHT, Individually,
CHRIS A. JARVIS, Individually,
TIM BRAGG, Individually,
R. ALLYN WEST, Individually,
KEVIN CLEGHORN, Individually,
JAY MCALISTER, Individually,
CHEEMA CARRIERS CORP., a Canadian
Corporation, and
MOHAMMED MERCHANT                                                  DEFENDANTS

**AGREED PROTECTIVE ORDER[1]**

Purpose and Scope

1.   Discovery in this action may involve disclosure of personal, confidential and proprietary information. This protective order ("Order"), therefore, is entered to facilitate the exchange of information and to protect against unauthorized

---

[1] Granting joint motion for protective order, docket # 49.

disclosure of this information and to ensure that this information will be used only for purposes of this action.

## Applicability and Designation of Materials

2. Except as otherwise ordered by the Court, this Order shall apply to all documents and items supplied by the Parties in this case, which are designated as "confidential" or "subject to protective order" or similar designation (hereinafter referred to only as "confidential").

3. Information revealed or contained in a deposition, which is confidential pursuant to this Order shall be identified in the deposition as being confidential and subject to this Order. That portion of the deposition shall thereafter be separately reflected as confidential and being subject to this Order.

## Disclosure

4. Except with prior written consent of counsel for the Parties or prior order of the Court, confidential information subject to this Protective Order shall only be disclosed as follows: (a) to counsel of record for the respective parties including their office and clerical staff; (b) officers, directors and necessary employees of any party in connection with this case; (c) expert witnesses or consultants engaged by a party to assist in the prosecution or defense of the action provided such witnesses and consultants separately agree to be bound and governed by the terms of this Order; (d) the Court and Court personnel subject to such safeguards as the Court may deem necessary; (e) non-party witnesses and their counsel only to the extent disclosure is necessary for their testimony and provided

that they shall separately agree to be bound and governed by the terms of this Order. Such agreement to be bound and governed by the terms of this order shall be in writing and such written agreement shall be provided to the party producing the confidential information along with the return of discovery materials per Paragraph 8 herein.

## Non-Disclosure

5. All parties and persons to whom confidential information or documents are disclosed are authorized only to use this information and documents in connection with this action and are precluded from disclosing the information or documents to any other person except as specifically provided in this Order. No person receiving or reviewing confidential information shall disclose it or its contents to any person other than those authorized by this Order and for the purposes specified in this Order.

## Disputes

6. Any party may object to the designation of particular discovery material, as confidential, by giving written notice to the party making the designation and to all other parties. This notice shall identify with specificity the discovery material to which the objection is directed and the basis of the objection. If there is a dispute, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting an in-camera review and a ruling by the Court on the designation. The party making the designation, or any other party shall then file opposition papers in support of the designation. The

disputed discovery material shall be treated as originally designated pending a ruling from the Court.  In any proceeding under this paragraph, the party making the designation shall have the burden of proof that the challenged discovery material is entitled to the protection of this Order.

7. The parties' authorization to designate any information as confidential is intended solely to facilitate the proceedings in this suit, and this designation shall not be construed as an admission or agreement that designated information constitutes or contains confidential or secret information.  Any designation of confidential material shall constitute a representation in good faith, and after careful determination, that the material is not reasonably believed to be in the public domain and may be designated confidential.

## Return of Discovery Material

8. At the conclusion of this litigation, the parties and their counsel shall, upon request, destroy, or return to counsel for the party making a designation, all documents and items which are confidential, other than attorney-work product materials, and supplied subject to this Order as well as any copy, notes, or record of confidential information supplied by the party making a designation subject to this Order, including copies supplied to experts, consultants, or witnesses.

## No Waiver

9. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object to any action taken, shall constitute a waiver of any claim or defense in this action.  This Order shall not be construed as a waiver of

any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery.  Nothing in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence for any motion, hearing, or trial of this action.  Nothing contained in this Order or any declaration of confidentiality or restriction under it shall be used or characterized by any party as an "admission" by a party opponent. The failure of a party to object to or challenge a designation by another party of discovery material as confidential shall not constitute an admission that the materials so designated are in fact confidential, are trade secrets, or other confidential research, development, commercial or confidential information, or are entitled to legal protection.

10. If any party wishes to disclose any material designated as confidential to any persons not referred to in Paragraph 2 of this Order, they may seek written permission from the producing party or the Court.

## Treatment of Confidential Information at Trial

11. The treatment of any document or evidence designated as confidential to be introduced at trial may be subject to later Orders, or rulings of the Court regarding its admissibility.

## Appellate Record

12. A duplicate, unredacted copy of any information or documents designated as confidential will be filed and designated "appellate record" before

entry of final judgment. However, any information required by Fed. R. Civ. P. 5.2(a) to be private shall remain redacted. This appellate record shall be filed upon request of the opposing party, or the Court.

**IT IS SO ORDERED** on this 5th day of May, 2025.

_____
Honorable James M. Moody, Jr.
United States District Judge


**AGREED AS TO FORM AND CONTENT:**

Michael J. Laux
LAUX LAW GROUP
400 W. Capitol Avenue
Suite 1700
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
mlaux@lauxlawgroup.com  mikelaux@icloud.com
*Attorneys for Plaintiff*

David W. Ransin
RANSIN INJURY LAW
4045 East Sunshine, Suite 100
Springfield, MO 68509
Telephone: (417) 881-8282
Facsimile: (417) 881-4217
david@ransin.com
*Attorneys for Plaintiff*

Kyle R. Wilson
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
kwilson@wlj.com
*Attorneys for separate defendants Cheema Carrier Corp. and Mohammed Merchant*


Jason E. Owens
JASON OWENS LAW FIRM, P.A.
Mailing Address: P.O. Box 850
Conway, Arkansas 72033-0850
Physical Address: 1312 W. Oak Street
Conway, Arkansas 72034
Telephone: (501) 764-4334
Telefax: (501) 764-9173
owens@jowenslawfirm.com
*Attorneys for separate defendants Saline County, Arkansas, a Body Politic, Hunter Thompson, Individually, Sullivan Sulzberger, Individually, Kate Hawthorn, Individually, Harley Sowell, Individually, Jake Scoggins, Individually, Joey Shamlin, Individually, Rodney Wright, Individually*

David M. Donovan
WDTC LAW, P.A.
2120 Riverfront Dr., STE. 275 Little Rock, Arkansas 72202
Telephone: (501) 372-1406
david.donovan@wdtc.law
*Attorneys for Separate Defendants Chris A. Jarvis and Tim Bragg*

Ryan Hale
Justin Brascher
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 503-4335
(501) 682-2591 fax
john.payne@arkansasag.gov
justin.brascher@arkansasag.gov
kesia.morrison@arkansasag.gov
*Attorneys for Separate Defendant Jay McCallister*