**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| MARIA ELENA BARAJAS, Personal Representative of the Estate of DANIEL ADRIAN BARAJAS, deceased,<br><br>    Plaintiff,<br>v.<br><br>SALINE COUNTY, ARKANSAS, a body politic,<br>HUNTER THOMPSON, Individually,<br>SULLIVAN SULZBERGER, Individually,<br>CHRISTY BIDDLE, Individually,<br>KATE HAWTHORN, Individually,<br>HARLEY SOWELL, Individually,<br>JAKE SCOGGINS, Individually,<br>JOEY SHAMLIN, Individually,<br>RODNEY WRIGHT, Individually,<br>CHRIS A. JARVIS, Individually,<br>TIM BRAGG, Individually,<br>R. ALLYN WEST, Individually,<br>KEVIN CLEGHORN, Individually,<br>JAY MCALISTER, Individually,<br>DAKOTAH BAILEY, Individually<br>CHEEMA CARRIERS CORP., a Canadian Corporation,<br>MOHAMMED MERCHANT, and<br>JOHN DOES 1-5,<br><br>    Defendants. | Case No.: 4:24-CV-318-JM |

**PLAINTIFF'S BRIEF IN SUPPORT OF UNOPPOSED MOTION TO DISMISS DEFENDANTS DAKOTAH BAILEY AND JAY MCALISTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

NOW COMES, Plaintiff, MARIA ELENA BARAJAS, Personal Representative of the Estate of DANIEL ADRIAN BARAJAS, deceased ("Plaintiff"), by and through her attorneys, and moves for the entry of a dismissal with prejudice order as to Defendants, DAKOTAH BAILEY

and JAY MCALISTER, in the matter of *Barajas v. Thompson, et al.*, Eastern District of Arkansas District Court Case No. 4:24-CV-318-JM, and in support thereof, respectfully states as follows:

1.      On November 20. 2024, Plaintiff filed her amended civil rights complaint in the above-captioned matter, naming DAKOTAH BAILEY and JAY MCALISTER ("ASP Defendants"), among the party defendants. See Doc. #40.  At all relevant times, ASP Defendants were troopers with the Arkansas State Police (ASP) involved in the ASP investigation of a January 15, 2022 motor vehicle-on-pedestrian accident in which Plaintiff's decedent, Daniel Barajas, was killed.  See Doc. #40, at pp. 5-6 (¶¶ 16-17).

2.      In her complaint, Plaintiff alleges ASP Defendants violated the Fourteenth Amendment's Equal Protection Clause (Count V) and the First Amendment's right to access the courts (Count IV) during their investigation of the crash. See Doc. #40, at pp. 36-40 (¶¶ 157-177). In their answer, ASP Defendants denied the allegations. See Doc. #44, at p. 2 (¶ 7).

3.      Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at a plaintiff's request by court order, on terms that the court considers proper. See Fed. R. Civ. P. 41(a)(2); see also *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

4.      At the time of Plaintiff's filing, there were multiple mysteries surrounding the inexplicable death of Daniel Barajas, including what apparently caused him to attempt to cross an interstate highway on a dark, rainy morning on foot, rather than leave the area in his vehicle, after an encounter with Saline County deputies.

5.      During the course of this litigation, ASP Defendants answered written discovery and gave their depositions. These depositions, along with other party depositions and evidence learned through discovery over the past several months, have clarified the roles and actions of certain defendants. In short, some of the mysteries have been explained.

6. Thus, information obtained in discovery has served to narrow the focus of Plaintiff's civil rights case, revealing the centrality of some defendants and the tangentiality of others. It is Plaintiff's conclusion that ASP Defendants represent the latter group of defendants. Therefore, ASP Defendants rightfully should be dismissed from the case.

7. Plaintiff's counsel has consulted with the attorneys representing ASP Defendants, and they support dismissal of their clients.

8. Granting Plaintiff's motion is prudent and reasonable based on the facts collected in the case. As the dispositive motion deadline is June 5, 2025, granting the instant motion will also promote judicial economy. Moreover, dismissal of ASP Defendants will not cause unfair prejudice to any other party to this litigation.

9. Therefore, Plaintiff wishes to dismiss ASP Defendants from this litigation, and she respectfully moves for dismissal with prejudice, with each side bearing its own costs.

WHEREFORE Plaintiff, MARIA ELENA BARAJAS, prays this Honorable Court grants her motion for dismissal in *Barajas v. Thompson, et al.*, Eastern District of Arkansas District Court Case 4:24-CV-318-JM.

Respectfully submitted,

Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
          mikelaux@icloud.com

    and

    David W. Ransin
    One of the Attorneys for PLAINTIFF
    RANSIN INJURY LAW
    4045 East Sunshine, Suite 100
    Springfield, MO 68509
    Telephone: (417) 881-8282
    Facsimile: (417) 881-4217
    Email: david@ransin.com