**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| MARIA ELENA BARAJAS, Personal Representative of the Estate of DANIEL ADRIAN BARAJAS, deceased,<br><br>    Plaintiff,<br>v.<br><br>SALINE COUNTY, ARKANSAS, a body politic,<br>HUNTER THOMPSON, Individually,<br>SULLIVAN SULZBERGER, Individually,<br>CHRISTY BIDDLE, Individually,<br>KATE HAWTHORN, Individually,<br>HARLEY SOWELL, Individually,<br>JAKE SCOGGINS, Individually,<br>JOEY SHAMLIN, Individually,<br>RODNEY WRIGHT, Individually,<br>CHRIS A. JARVIS, Individually,<br>TIM BRAGG, Individually,<br>R. ALLYN WEST, Individually,<br>KEVIN CLEGHORN, Individually,<br>JAY MCALISTER, Individually,<br>DAKOTAH BAILEY, Individually<br>CHEEMA CARRIERS CORP., a Canadian Corporation,<br>MOHAMMED MERCHANT, and<br>JOHN DOES 1-5,<br><br>    Defendants. | Case No.: 4:24-CV-318-JM |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANTS, JOHN DOES 1-5, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

NOW COMES, Plaintiff, MARIA ELENA BARAJAS, Personal Representative of the Estate of DANIEL ADRIAN BARAJAS, deceased ("Plaintiff"), by and through her attorneys, and moves for the entry of a dismissal with prejudice order as to Defendants, JOHN DOES 1-5, in the

matter of *Barajas v. Thompson, et al.*, Eastern District of Arkansas District Court Case No. 4:24-CV-318-JM, and in support thereof, respectfully states as follows:

1. On November 20. 2024, Plaintiff filed her amended civil rights complaint in the above-captioned matter, naming JOHN DOES 1-5 among the party defendants. See Doc. #40. In her complaint, she alleges violations of the First and Fourteenth Amendment, *inter alia.*

2. Plaintiff named unidentified John Doe defendants in her complaint as a precautionary measure because she became aware of individuals conceivably responsible for her decedent's death whose identities were unknown at the time of filing.

3. Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at a plaintiff's request by court order, on terms that the court considers proper. See Fed. R. Civ. P. 41(a)(2); see also *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

4. Plaintiff has learned during discovery that JOHN DOES 1-5 are not necessary parties in the above-referenced civil rights lawsuit and, therefore, they were not served with summons per Rule 4. See Fed. R. Civ. P. 4(m). Plaintiff now wishes to dismiss JOHN DOES 1-5 from this litigation, with prejudice, and respectfully moves the Court for same.

WHEREFORE Plaintiff, MARIA ELENA BARAJAS, prays this Honorable Court grants her motion for dismissal in *Barajas v. Thompson, et al.*, Eastern District of Arkansas District Court Case 4:24-CV-318-JM.

Respectfully submitted,

<u>Michael J. Laux</u>
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700

                Little Rock, AR 72201
                Telephone: (501) 242-0750
                Facsimile: (501) 372-3482
                E-mail: mlaux@lauxlawgroup.com
                           mikelaux@icloud.com

and

David W. Ransin
One of the Attorneys for PLAINTIFF
RANSIN INJURY LAW
4045 East Sunshine, Suite 100
Springfield, MO 68509
Telephone: (417) 881-8282
Facsimile: (417) 881-4217
Email: david@ransin.com